Sean J. Riddell, OSB #013943
Email: sean.riddell@live.com
4411 NE Tillamook St
Portland OR 97213
Phone: 971-219-8453
        Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KIMBERLY KOSMAS AND CHRISTOS KOSMAS | No. 3:14-CV-1272 |
| Plaintiffs, | COMPLAINT<br>ERISA, 29 U.S.C. § 1132 (a)(1)(B)<br>ERISA, 29 U.S.C. § 1132(c) |
| vs. | ERISA, 29 U.S.C. § 1024(b)(4) |
| NORTHWESTERN IRONWORKERS HEALTH AND SECURITY FUND AND MODA HEALTH PLAN INC., | PRAYER $1297.46 or an amount to be proven at trial |
| . | JURY TRIAL DEMAND |
| Defendants. | |

## INTRODUCTION

1.

This action is brought on behalf of plaintiffs, Kimberly Kosmas and Christos Kosmas ("Plaintiffs"), pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. ("ERISA").  Plaintiffs seek to recover from Northwest Ironworkers Health and Security Trust. ("Trust") and Moda Health Plan INC ("MODA") medical benefits pursuant to the terms of the Trust's Health and Security Plan (the "Trust's Plan") and MODA's Health Plan ("MODA's Plan) and under 29 U.S.C. §1132(a)(1)(B).  Plaintiffs seek these remedies, plus plaintiffs' costs and attorney fees, pursuant to 29 U.S.C. § 1132(e)(1) and (f).

COMPLAINT

P a g e  | 1

## JURISDICTION AND VENUE

2.

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1) and (f), which give the district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.

3.

Venue is proper in this District Court, pursuant to ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## THE PARTIES

4.

At all times material herein, plaintiffs are residents of the state of Oregon.

5.

The Trust is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A), and an "employee benefit plan" as defined by 29 U.S.C. § 1002(3), under which Christopher Kosmas is a "beneficiary," as defined by 29 U.S.C. § 1002(8).

6.

MODA is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A), and an "employee benefit plan" as defined by 29 U.S.C. § 1002(3), under which Christopher Kosmas is a "beneficiary," as defined by 29 U.S.C. § 1002(8).

7.

At all times material herein, Northwest Ironworkers Health and Security Trust Plan is the plan sponsor of the Trust's Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

8.

At all times material herein, MODA is the plan sponsor of MODA's Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(B).

9.

At all times material herein, Regency is the third party plan administrator of the Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

10.

At all times material herein, Regency is the claims administrator of the Plan, making and/or participating in making all benefits decisions under the Plan.

## STATEMENT OF FACTS

11.

On or around August to September of 2011, Christos Kosmas, underwent physical therapy at KOR Physical Therapy in Beaverton, Oregon.

12.

Plaintiffs and KOR submitted the bills for service related to Christopher Kosmas' 2011 treatment to Kimberly Kosmas' health insurance carrier Moda Health Plan INC ("MODA"). Christopher Kosmas is listed as a beneficiary on Kimberly Kosmas' MODA health insurance plan.

13.

MODA originally paid for Christopher Kosmas physical therapy at KOR.

///

///

COMPLAINT

P a g e | 3

SEAN RIDDELL
4411 NE TILLAMOOK ST
PORTLAND, OR 97213

14.

Approximately one year after accepting coverage and paying for Christopher Kosmas' physical therapy, MODA demanded reimbursement from KOR.  KOR refunded MODA's money on or about September 7, 2012.

15.

KOR submitted Christopher Kosmas' bills for treatment to Regence on or about November 13, 2012, the third party administrator for the Northwest Ironworkers Health and Security Fund.  Regence and Northwest Ironworkers Health and Security Fund denied the charges stating that the claim was submitted past the one year time limitation.

16.

KOR exhausted their appeal remedies and sent the bills for service to plaintiffs.

17.

Plaintiffs immediately submitted the unpaid medical bills to Regency and the Northwest Ironworkers Health and Security Trust themselves and their claim was denied.  Plaintiffs timely requested an appeal of the decision and the Northwest Ironworkers Health and Security Trust heard their appeal on or about October 17, 2013.

18.

Northwest Ironworkers Health and Security Trust denied Plaintiffs appeal and informed them or their reasoning in writing on October 21, 2013.

19.

Defendant MODA's decision denial of medical benefits for Christopher Kosmas treatment by KOR was erroneous, arbitrary, capricious, and an abuse of discretion.

COMPLAINT

P a g e | 4

SEAN RIDDELL
4411 NE TILLAMOOK ST
PORTLAND, OR 97213

20.

Defendant Northwest Ironworkers Health and Security Trust's denial for Christopher Kosmas treatment by KOR was erroneous, arbitrary, capricious, and an abuse of discretion.

21.

Plaintiffs have completed all steps required prior to the filing of this complaint for both Defendants under the Plan and ERISA, including an internal appeal of the denial of medical benefits pursuant to 29 U.S.C. § 1133.

22.

29 U.S.C. § 1132(a)(1)(B) authorizes plaintiffs to recover benefits due under the terms of the Plan, to enforce plaintiffs' rights under the terms of the Plan, and/or to clarify plaintiff's right to future benefits under the terms of the Plan.

23.

By denying plaintiffs payment of the medical benefits, defendants have violated and continue to violate ERISA, 29 U.S.C.§ 1132 (a)(1)(B).

24.

As a result of the denial of the medical benefits due and owing plaintiffs under the terms of the Plan, plaintiffs has incurred medical expenses in the amount of $1297.46 or an amount to be proven at trial.

25.

As a result of the denial of plaintiff's medical benefits under the Plan, plaintiffs have incurred attorney fees and costs, pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE**, plaintiffs pray that plaintiffs have and recover judgment in plaintiffs' favor and against defendants as follows:

(1) For medical benefits in the amount of $1,297.46 or an amount to be proven at trial, pursuant to 29 U.S.C. § 1132(a)(1)(B);

(2) For statutory penalties in an amount to be determined at trial, pursuant to 29 U.S.C. § 1132(c)(1), 29 U.S.C. § 1024(b)(4), and 29 C.F.R. § 2575.502c-1;

(3) For prejudgment and postjudgment interest;

(4) For an award of attorney fees and costs under 29 U.S.C. § 1132(g)(1) and the facts and circumstances of this case; and

(5) For such other relief as this court deems just and proper.

DATED this 7th day of August, 2014.

                              **SEAN J. RIDDELL, ATTORNEY AT LAW**

                              */s/ Sean J. Riddell*
                              Sean J. Riddell
                              OSB #013943
                              (971) 219-8453
                              Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs hereby demand a jury trial.

DATED this 7th day of August, 2014.

          **SEAN J. RIDDELL, ATTORNEY AT LAW, LLC**

          */s/ Sean J. Riddell*
          Sean J. Riddell
          OSB #01394
          (971) 219-8453
          Attorney for Plaintiffs